UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN EDWARD JACKSON,<br><br>　　Plaintiff<br><br>v.<br><br>CITY OF RENO, STATE OF NEVADA,<br>COUNTY OF WASHOE,<br>WASHOE COUNTY JAIL,<br><br>　　Defendants | Case No.: 3:19-cv-00162-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 4, 5 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). He has also filed a motion for temporary restraining order and preliminary injunction. (ECF Nos. 4, 5.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If an inmate brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0 and his average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Plaintiff should not be required to pay an initial partial filing fee; however, whenever his account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the following defendants in the caption: City of Reno, State of Nevada, County of Washoe and Washoe County Jail. Plaintiff claims that he received a notice from the mail room at the jail concerning changes in inmate mail procedures which stated that all incoming and outgoing mail must be postcards only, with the exception of legal mail. Plaintiff

alleges that he wanted to get some ideas patented and the jail would not allow him to send out his mail to the patent office or receive mail from the patent office. Instead, he is only allowed to use an acknowledgement in lieu of notary form, which he claims may not be enough to protect his ideas before he gets out of the jail. He attaches copies of his acknowledgement in lieu of notary forms. Plaintiff's complaint includes three counts: (1) for violation of his right to fair treatment and cruel and unusual punishment; (2) due process; and (3) the right to protect his ideas.

Preliminarily, the State of Nevada is not a person that can be sued for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the State of Nevada should be dismissed from this action with prejudice.

In addition, Plaintiff names the City of Reno but there are no allegations the City of Reno had any involvement with the mail policy at the Washoe County Jail; therefore, the City of Reno should be dismissed with prejudice.

A suit against the Washoe Jail is the same as a suit against Washoe County, therefore it is sufficient for Plaintiff to proceed against Washoe County. *See Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015) (If a plaintiff improperly names a city or county department that lacks capacity to be sued, the court may order the proper party (generally the county or city) be substituted into the case.).

Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-05 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* 915F.3d 592, 602-03 (9th

Cir. 2019). A municipality may not be sued under a respondeat superior theory. *Id.* at 603 (citing *Monell*, 436 U.S. at 693-95). "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)).

Plaintiff mentions cruel and unusual punishment and the failure to protect him, but his claims are more appropriately analyzed under the First Amendment freedom of speech (mail) and Fourteenth Amendment's Due Process Clause (alleged deprivation of property interest).

Inmates have "a First Amendment right to send and receive mail." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995) (per curiam); *see also Nordstrom v.* Ryan, 856 F.3d 1265, 1271 (9th Cir. 2017). While Washoe County mail ultimately proffer a legitimate reason for the regulation on non-legal outgoing mail, and "important or substantial governmental interest[s] unrelated to the suppression of expression" for outgoing mail, Plaintiff states a colorable claim for violation of his First Amendment rights so as to survive screening. *See Turner v. Safley*, 482 U.S. 78, 84, 89 (1987); *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *limited by Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989); *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam); *see also Prison Legal News v. Columbia County*, 942 F.Supp.2d 1068 (D. Or. Apr. 24, 2013) (concluding jail postcard-only mail policy violated inmate's First Amendment rights).

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Liberally construed, Plaintiff states a colorable due process claim related to the alleged infringement of a property interest pursuant to an established county policy. The court notes that Plaintiff will have to demonstrate a legitimate property interest to succeed on his claim. *See e.g. Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

In sum, Plaintiff should be permitted to proceed against Washoe County with his First Amendment mail and due process claims. The remaining claims and parties should be dismissed.

**C. Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff also filed a motion for temporary restraining order and preliminary injunction and supporting declaration and exhibits. (ECF Nos. 4, 5.)

In his motion, Plaintiff states he has been retaliated against. The declaration states that he has been a victim of retaliation, noting that he watched a deputy throw his legal work in the toilet after a cell search which he contends is cruel and unusual punishment. He goes on to state that he was horse playing and was sent to lock down for a fight and was found guilty by a "kangaroo court." He disputes the findings. He claims when he went to lockdown some of his things were missing. He makes reference to inadequate cleanliness, and that he is continuously hungry.

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015) (adopting the rule from *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

1   Plaintiff's requested relief has no nexus to the claims he is asserting in his complaint
2 related to mail at the jail. Therefore, his motion for temporary restraining order and preliminary
3 injunction should be denied.

**D. Filings**

In addition to the inmate acknowledgement in lieu of notary filed with the complaint, Plaintiff has filed additional similar forms at ECF No. 3-1, 6, 7-9. Several of these filings were sealed by the Clerk's Office because they contained personal identifiers. (ECF Nos. 7-9.) Plaintiff should be advised that he need not file additional forms of this kind at this time. The court is aware of the allegations which are sufficient at this juncture. Plaintiff may submit the documentation supporting his allegations in connection with a motion for summary judgment or other relevant motion, but need not keep filing the documents with the court.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required to pay an initial partial filing fee; however, whenever his account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Washoe County Detention Facility,** 911 East Parr Blvd., Reno, Nevada 89512.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The complaint should be allowed to **PROCEED** against Washoe County with the First Amendment mail and due process claims. All other claims and parties should be **DISMISSED WITH PREJUDICE**.

(4) The motion for temporary restraining order and preliminary injunction (ECF Nos. 4, 5) should be **DENIED**.

(5) The Clerk should be directed to **ISSUE** a summons for Washoe County and send Plaintiff a copy of the complaint and service of process form (USM-285). Plaintiff should be given 20 days from the date of any order adopting and accepting this Report and Recommendation to complete the USM-285 form and return it to the U.S. Marshal to complete service. The, within 20 days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff should be required to file a notice with the court indicating whether the defendants were served. If any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of any order adopting and accepting this Report and Recommendation.

(6) Plaintiff should be advised that he need not file additional acknowledgement in lieu of notary forms with the court until they become relevant to a pending motion.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 15, 2019

                                          */s/ William G. Cobb*
                                          William G. Cobb
                                          United States Magistrate Judge