# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| JOHN EDWARD JACKSON,<br><br>                 Plaintiff,<br>v.<br>RENO, CITY OF, *et al.*,<br>                 Defendants. | Case No. 3:19-cv-00162-MMD-WGC<br><br>ORDER |

## I. INTRODUCTION

*Pro se* Plaintiff John Edward Jackson, a pretrial detainee currently in the custody of Washoe County at the Washoe County Jail (the "Jail"), alleges violations of his constitutional rights under 42 U.S.C. § 1983 against various government entities because of a Jail mail policy that does not allow Plaintiff to adequately correspond with the United States Patent and Trademark Office ("USPTO") to obtain a patent. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb. (ECF No. 10.) Plaintiff filed an objection to Judge Cobb's Recommendation. (ECF No. 12.) Also before the Court are Plaintiff's motions for a temporary restraining order and preliminary injunction ("Motions"), and Plaintiff's motion for a copy of the form on which he can object to Judge Cobb's Recommendation. (ECF Nos. 13, 16, 17.) As further explained below, the Court will overrule Plaintiff's objection to Judge Cobb's R&R because the Court agrees with Judge Cobb's Recommendation, and will fully adopt the R&R. The Court also will deny Plaintiff's

///

Motions because they seek relief unrelated to his claims in his Complaint and will deny (in large part) Plaintiff's other motion as moot because he filed an objection to the R&R.

## II.     BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of the factual allegations in Plaintiff's Complaint (ECF No. 10 at 4-5), and does not recite them here. As relevant to Plaintiff's objection, Judge Cobb recommends that Plaintiff be permitted to proceed with his First Amendment mail and Fourteenth Amendment Due process claims against Washoe County only, and his remaining claims and the other parties named in his Complaint should be dismissed. (*Id.* at 6-7.) Judge Cobb further recommends Plaintiff's *in forma pauperis* application ("IFP Application") be granted. (*Id.* at 8.) He also recommends two of Plaintiff's earlier filed motions for a temporary restraining order and preliminary injunction (ECF Nos. 4, 5) be denied as the relief he requests in those motions lacks any nexus to the claims he is asserting in his Complaint. (ECF No. 10 at 7, 9.) Judge Cobb finally recommends that the Clerk of Court be directed to issue a summons to Washoe County. (*Id.* at 9.)

Plaintiff's core allegation in his Complaint stems from a policy change at the Jail whereby people incarcerated there can only send and receive postcards, with the exception of legal mail. (ECF No. 1-1 at 2.) Plaintiff is attempting to correspond with the USPTO to have a potential invention patented, but employees at the Jail will not let him because they say it is not legal mail, and Plaintiff is presumably not attempting to correspond with the USPTO on postcards. (*Id.* at 4.) Plaintiff now seeks a temporary restraining order and preliminary injunction related to allegations that: (1) someone opened a piece of his legal mail (ECF No. 17 at 8); and (2) he experienced chest pains but employees at the Jail failed to provide him with sufficiently timely medical care (*id.* at 13).

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

1 timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection to Judge Cobb's R&R, the Court has engaged in a de novo review to determine whether to adopt it. Upon reviewing the R&R and records in this case, the Court finds good cause to adopt Judge Cobb's R&R in full.

## IV. DISCUSSION

The Court addresses Plaintiff's objection to the R&R below, after first addressing Plaintiff's motion for a copy of the USM-285 form, and Plaintiff's motions for a temporary restraining order and a preliminary injunction.

### A. Motion for USM-285 Form

Plaintiff requests a copy of a USM-285 form and any necessary forms to file an objection to Judge Cobb's R&R. (ECF No. 13.) The Court will deny this motion in part as moot because Plaintiff already objected to Judge Cobb's R&R. (ECF No. 12.) Thus, Plaintiff has no need for any form to file an objection. Moreover, there are no dedicated forms for filing objections to Magistrate Judges' R&Rs. Further, the Court will instruct the Clerk of Court to send Plaintiff a USM-285 form in adopting Judge Cobb's R&R. Thus, the motion is granted only to that extent.

### B. Motions for Temporary Restraining Order and Preliminary Injunction

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Here, Plaintiff seeks a temporary restraining order and preliminary injunction[1] related to allegations that: (1) someone opened a piece of his legal mail (ECF No. 17 at 8); and (2) he experienced chest pains but employees at the Jail failed to provide him with sufficiently

///

---

[1] The documents filed as ECF No. 16 and ECF No. 17 are identical, so the Court refers only to ECF No. 17 here, though its analysis applies to both documents with equal force.

quick medical care (*id.* at 13). These allegations are distinct from Plaintiff's core allegation in this case regarding the de facto ban on correspondence with the USPTO because of the Jail's policy. (ECF No. 1-1.) Therefore, this Court "lacks authority to grant the relief requested." *Pac. Radiation Oncology*, 810 F.3d at 636. The Court will thus deny Plaintiff's motion for a temporary restraining order (ECF No. 16) and a preliminary injunction (ECF No. 17).

### C. The R&R

Plaintiff primarily objects to Judge Cobb's proposed dismissal with prejudice of the State of Nevada. (ECF No. 12 at 3, 5.) But the Court will overrule Plaintiff's objection because the Court agrees with Judge Cobb that Washoe County is the appropriate Defendant for this case to proceed against. (ECF No. 10 at 5.) Plaintiff simply cannot sue the State of Nevada in this 42 U.S.C. § 1983 suit. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff also objects to Judge Cobb's Recommendation to dismiss any defendants named in Plaintiff's Complaint, and to his Recommendation to deny Plaintiff's earlier-filed motions for a temporary restraining order and a preliminary injunction. (ECF No. 12 at 5.) The Court will also overrule these objections. The Court agrees with Judge Cobb's analysis resulting in the dismissal of all named defendants except Washoe County, as Washoe County is the entity responsible for setting the policy Plaintiff alleges violated his constitutional rights, and Judge Cobb was correct in explaining why the other named defendants are not proper defendants here. (ECF No. 10 at 5-7.) The Court also agrees that Judge Cobb properly recommended denial of the earlier filed motions for a temporary restraining order and a preliminary injunction (*id.* at 7-8), for the same reason explained above in Section IV(B)—lack of nexus.

### V. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 10) is accepted and adopted in full.

///

4

1  It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted. Plaintiff is not required to pay an initial partial filing fee; however, whenever his account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account, until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk of Court is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Washoe County Detention Facility, 911 East Parr Blvd., Reno, NV 89512.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's case is allowed to proceed against Washoe County only, as to Plaintiff's First Amendment mail and Fourteenth Amendment due process claims only.

It is further ordered that all other claims and parties mentioned in the Complaint are dismissed with prejudice, as amendment would be futile.

It is further ordered that Plaintiff's motions for temporary restraining orders and preliminary injunctions (ECF Nos. 4, 5, 16, 17) are denied.

It is further ordered that Plaintiff's motion for USM-285 form (ECF No. 13) is denied as moot to the extent he sought a form on which to file an objection but is granted as to Plaintiff's request for USM-285 form.

The Clerk of Court is directed to issue a summons for Washoe County, and to send Plaintiff a copy of the Complaint and service of process form (USM-285). Plaintiff has 20 days from the date of entry of this order to complete the USM-285 form and return it to the U.S. Marshal to complete service. Then, within 20 days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court indicating whether Washoe County was served. If Washoe County was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the Court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

///

The Court advises Plaintiff that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of entry of this order. The Court further advises Plaintiff that he need not file any additional acknowledgement in lieu of notary forms with the Court until they become relevant to a pending motion.

DATED THIS 12th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE