UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOHN EDWARD JACKSON,

    Plaintiff,

v.

CITY OF RENO, *et al.*,

    Defendants.

Case No.: 3:19-cv-00162-MMD-WGC

**ORDER**

Re: ECF No. 33

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 33). Plaintiff bases his motion on the fact that (1) Plaintiff's claim that this is a complex case because it contains several different legal claims with each claim involving a different set of defendants, (2) this case involves details that may require witness testimony, (3) Plaintiff has demanded a jury trial, (4) Plaintiff's contention that the case will require discovery of documents and deposition of a number of witnesses, (5) Plaintiff states he has only a high school education and has no legal education, and (6) Plaintiff has limited access to legal materials and has no ability to investigate the facts of the case. (*Id.* at 2, 3.)[1]

---

[1] Plaintiff states his "motion for appointment of counsel should be granted pursuant to 28 U.S.C. § 1746." (*Id.* at 3.) This statute only pertains to verification of the truthfulness or correctness of a document. It does not address grounds for appointment of counsel for an indigent pro se party. The authority of the court to request an attorney to represent a person unable to afford counsel appears in 28 U.S.C. § 1915(d). The court will address Plaintiff's motion under that statute and the cases interpreting the grounds which must be present in order to appoint counsel. As will be discussed in this Order, the circumstances under which a court will appoint counsel are exceedingly rare and only under extraordinary circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

1

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. However, as stated above in footnote 1, the circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn*, 789 F.2d at 1331.

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 4, 5, 6, 7,8, 9, 11, 12, 13, 15, 16, 17, 18, 22, 24, 25, 26, 31, 32, 33, 34.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:
> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

2

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed against Defendant Washoe County only, as to Plaintiff's First Amendment mail and Fourteenth Amendment due process claims. (ECF No. 19 at 5.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff's motion fails to at all address any reasons why he expects to prevail in this action.

While any *pro se* inmate such as Mr. Jackson would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

///

///

///

///

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 33).

**IT IS SO ORDERED.**

DATED: September 24, 2019.

_____
UNITED STATES MAGISTRATE JUDGE