# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN EDWARD JACKSON,

    Plaintiff,

v.

RENO, CITY OF, et al.,

    Defendants.

Case No.: 3:19-cv-00162-MMD-WGC

**Order**

Re: ECF Nos. 40, 45, 47, 48

## I. BACKGROUND

Plaintiff, who was an inmate at the Washoe County Detention Facility (WCDF), filed his application to proceed in forma pauperis (IFP) and pro se complaint on March 22, 2019. (ECF Nos. 1, 1-1.) The crux of Plaintiff's complaint is that he was trying to send information to the United States Patent and Trademark Office (USPTO) regarding a possible invention and patent from the WCDF, but was advised he could not do so because of the WCDF policy that with the exception of legal mail, incoming and outgoing mail must utilize a postcard. Plaintiff was told by deputies that the mail he sought to send to the USPTO was not legal mail.

The undersigned issued a report and recommendation that Plaintiff's IFP application be granted (and because he is an inmate, that he be required to pay the $350 filing fee over time), and that he be allowed to proceed with claims under the First and Fourteenth Amendments against Washoe County based on the above-allegations. (ECF No. 10.) District Judge Du considered Plaintiff's objections to the report and recommendation, overruled them, and adopted and accepted the report and recommendation. (ECF No. 19.) The complaint was filed on August 12, 2019, and

a summons issued to Washoe County the same day. (ECF Nos. 20, 21.) Washoe County filed its answer on September 10, 2019. (ECF No. 28.)

On September 11, 2019, the court entered a scheduling order setting the discovery deadline for December 10, 2019, and the motions deadline for January 9, 2020. (ECF No. 29.)

On October 7, 2019, Plaintiff filed a motion for a court order to receive a copy of grievances from the jail kiosk system. (ECF No. 36.) He asked for a copy of his grievance related to his lawsuit regarding the mail from May 2019. He also sought two other grievances, stating that he was placed in lock down and his phone/address book was taken. He claims this book contains the information he needs to contact people who were going to help him pay for the patents. He asked a deputy about the book and was told it was given to classification, but classification told him that they never received it. He contends he was deprived of his property without due process. He states that he filed grievances for this on May 14, 2019. He asked for a court order that the defendants provide him the copies of the grievances so he could "submit the appropriate discovery" on time as requested by the court.

Defendant filed a response stating that Plaintiff had not submitted any discovery, so the motion was premature. In any event, Washoe County was still undertaking an effort to locate the grievances to produce if a proper discovery request was made. (ECF No. 37.)

Since Plaintiff had not made a formal request for production of documents to Defendant requesting these documents, the court denied the motion without prejudice. (ECF No. 38.)

The court's order was returned as undeliverable. (ECF No. 39.)

On October 28, 2019, Defendant filed a partial motion to dismiss arguing that when Plaintiff filed his action he was an inmate in the WCDF awaiting resolution of pending criminal charges, but his criminal charge was since resolved with the State court accepting his guilty plea

and suspending his sentence, and he was no longer housed at WCDF. Defendant argued that his release from detention extinguished his legal interest in an injunction or declaratory relief since they would no longer have an effect on him since he was not housed at WCDF. Therefore, Defendant asked the court to dismiss the requests for injunctive and declaratory relief for lack of jurisdiction. (ECF Nos. 40, 40-1, 40-2.)

On November 4, 2019, Defendants requested an extension of the scheduling order deadlines because they had propounded discovery on Plaintiff and he had not responded, and a scheduled deposition was cancelled due to Plaintiff's unavailability, and Plaintiff had not kept the court informed of his change of address since being released from WCDF. (ECF Nos. 42, 42-1, 42-2.) The court granted the motion and extended the discovery deadline to January 10, 2020, and the dispositive motions deadline to February 10, 2020. (ECF No. 43.) The order was returned as undeliverable to Plaintiff. (ECF No. 44.)

On November 13, 2019, Defendant filed another motion to dismiss, seeking dismissal of this action without prejudice based on Plaintiff's failure to keep the court apprised of his current address and letting this case languish. (ECF No. 45.)

Plaintiff has not filed a response to the motion.

On November 27, 2019, Plaintiff filed a "motion of discovery." (ECF No. 47.) He states that he sent letters to the USPTO from the WCDF, and they were returned to him with a statement that only legal mail could be sent out in letter form and his letters were not legal mail. He filed his lawsuit. He was advised he could proceed against Washoe County, and filed a grievance and was denied. He states that this was recorded in a jail kiosk on May 18, 2019. He also mentions again that the jail took away his address book in violation of his Fourteenth Amendment rights. He reiterates his claim that this book had the contact information for people who were going to help

him patent and build his invention. He states that he filed a grievance about this, on May 14, 2019, and was told they could not do anything about it. He also discusses settlement discussions he had with Defendant, and his belief that the Defendant was unreasonable. He concludes by stating that all of this information provided in the filing is his discovery. He includes an address at the WCDF.

On December 2, 2019, Plaintiff filed a "motion to support discovery, declaration to motion to support discovery." (ECF No. 48.) This appears to be his declaration supporting the statements made in the previously filed motion. This filing also notes that his address is again at the WCDF.

## **II. DISCUSSION**

Preliminarily, Plaintiff is reminded that under Local Rule IA 3-1, he "must immediately file with the court written notification of any change of mailing address", and must serve such notification on the opposing party. A failure to comply with this rule may result in dismissal of the action or other appropriate sanctions.

Plaintiff did apprise the court of his new address when his housing arrangement changed after his plea agreement was accepted, and numerous filings were returned as undeliverable. Plaintiff now indicates that he is once again housed at WCDF. Plaintiff must immediately **FILE** with the court a formal notice indicating his current address.

Defendants' pending partial motion to dismiss is premised on the argument that Plaintiff is no longer housed at WCDF, and therefore, the court does not have jurisdiction over his requests for injunctive or declaratory relief. (ECF No. 40.) The basis for this motion appears to no longer be correct, as Plaintiff is now housed at WCDF again. Therefore, the partial motion to dismiss (ECF No. 40) is **DENIED WITHOUT PREJUDICE**.

The second motion to dismiss this action without prejudice is based on the argument that Plaintiff has failed to apprise the court of his address. (ECF No. 45.) While he did not file a formal

4

notice, his recent filings have noted his current address at WCDF. The court has admonished Plaintiff of the importance of keeping the court and the opposing party apprised of his current address. Plaintiff is cautioned that any future failure to immediately notify the court of his current address or a failure to prosecute this action may result in this case being dismissed. Defendants' motion to dismiss (ECF No. 45) is **DENIED WITHOUT PREJUDICE**.

As to Plaintiff's most recent filings, ECF Nos. 47, 48, the court believes Plaintiff is confused by the term discovery. Discovery is the process the parties to a lawsuit participate in before trial to investigate the facts of the case. It is generally governed by Federal Rules of Civil Procedure 26-37. Importantly, Rule 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense…" The rules allow, among other things, each side to propound (send) discovery to the other side, including interrogatories (written questions) (Rule 33), requests to produce documents or tangible things (Rule 34), and requests that a party admit the truth of certain facts, the application of law to facts, or opinions, or the genuineness of disputed documents (Rule 36). In addition, a party may take the deposition of another party or witness under Rules 28, 30, and 45. In a deposition, typically a lawyer or pro se party asks questions of another party or witness, and the questions and responses are recorded by a court reporter or another manner. A deposition may also be by written questions under Rule 31.

Defendant indicated in a previous filing that they served discovery, but did not timely receive responses from Plaintiff. In addition, Defendant noticed Plaintiff's deposition but it was apparently taken off due to Plaintiff's unavailability.

Defendant has not moved for an order compelling discovery under Rule 37, but do assert that they could not comply with the meet and confer requirement because they could not get in

touch with Plaintiff. Plaintiff is advised that under Rule 37, if a party fails to respond to an interrogatory under Rule 33, or fails to produce documents under Rule 34, Defendant may move for an order compelling responses. Fed. R. Civ. P. 37(a)(3)(B). If the motion is granted, or if the response is provided after the motion is filed, the court must require the party whose conduct necessitated the motion (here, the Plaintiff) to pay the moving party's reasonable expenses in filing the motion. This is the case unless there was not a good faith to attempt to resolve the issue without court action; the failure to respond was substantially justified; or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(AS).

Plaintiff is **ORDERED** to be in contact with Defendant's counsel within the next **14 days** to discuss obtaining an extension of time to respond to the discovery propounded by Defendant, **and** to set a date for Plaintiff's deposition. A failure to do so may subject Plaintiff to sanctions under Rule 37(b)(2)(A), which could include dismissal of this action. This meet and confer shall also include a discussion regarding a stipulation for a brief extension of the existing scheduling order deadlines to allow for the completion of discovery and filing of dispositive motions, as well as the joint pretrial order. The parties must submit a stipulation for the extended scheduling order deadlines on or before **December 27, 2019**.

It appears that Plaintiff's filings at ECF Nos. 47 and 48 contain his version of the facts supporting his case, as well as some extraneous matters (the taking of his address book). Plaintiff indicates that this is his "discovery," but it appears that the information Plaintiff is trying to convey to the court is more appropriately used in support of a motion for summary judgment. A motion for summary judgment is governed by Rule 56, and allows a party, generally after discovery is completed, to assert that none of the facts in the case are genuinely disputed, and so that party is entitled to judgment as a matter of law. The new deadline for filing such motions will be addressed

in the parties' stipulation discussed above. To the extent Plaintiff has styled his filings at ECF Nos. 47, 48 as motions, the motions are **DENIED AS MOOT** as they do not present anything for the court to act on at this time.

Plaintiff is advised that unless the court orders otherwise, written discovery, including discovery requests and responses **must not be filed with the court**. Usually, discovery or responses are only permitted to be filed with the court in connection with a pending discovery motion, or when they are used to support a contention made in a motion, response or reply.

**IT IS SO ORDERED**.

Dated: December 4, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge