|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| JOHN EDWARD JACKSON, | | Case No.: 3:19-cv-00162-MMD-WGC |
| Plaintiff | | **Order** |
| v. | | Re: ECF Nos. 117, 119 |
| COUNTY OF WASHOE | | |
| Defendants | | |

On March 18, 2020, Plaintiff filed a Motion for Trial by Certification or in the Alternative Motion for Summary Judgment. (ECF No. 117.) Plaintiff's filing states that the defense cannot rebut his evidence, but Plaintiff's filing and affidavit focus on the alleged taking of an address book, which is not a claim proceeding in this action. There is a brief mention of the claim proceeding in this action based on the alleged refusal to allow Plaintiff to send out a patent application to the United States Patent and Trademark Office, but this does not satisfy the other requirements of Rule 56. A party moving for summary judgment must demonstrate there is no genuine dispute as to any material fact so that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party asserting this is the case must support that assertion by citing to particular materials in the record. Fed. R. Civ. P. 56(c)(1)(A). Under Local Rule 56-1, a motion for summary judgment must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, cite the particular portions of the pleading, affidavit, deposition, discovery response or other evidence on which the party relies.

Plaintiff has not complied with these rules, and his motion is mainly directed toward allegations that are not pending before the court. Therefore, Plaintiff's motion (ECF No. 117) is **DENIED WITHOUT PREJUDICE**.

Plaintiff also filed a Motion for Default Judgment. (ECF No. 119.) He states that the Defendant did not file a response to his motion at ECF No. 113. DEC No. 113 is Plaintiff's "Motion to Object to Settlement Agreement" where he airs his disagreements with an apparent effort by Defendant to resolve this matter. A lack of response to this motion is not a basis for entering default judgment. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The Clerk of Court enters default when a party against whom a judgment is sought has failed to plead or otherwise appear. Then, if the claim is for a sum certain the clerk must enter judgment for that amount. Otherwise, the court must enter default judgment. This is not a case where the Defendant failed to plead or otherwise appear. To the contrary, the Defendant in this case has appeared and filed numerous filings, including motions to dismiss. Therefore, plaintiff's motion for default judgment (ECF No. 119) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 24, 2020

                                               _William G. Cobb_
                                               William G. Cobb
                                               United States Magistrate Judge